IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UBI O. OKIM, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| BANK OF AMERICA, | NO. 1:12-cv-01759-TWT-GGB |
| Defendant. | |

### **FINAL REPORT AND RECOMMENDATION**

This wrongful foreclosure matter is before the court on the motion to dismiss filed by the defendant, Bank of America, N.A. ("BANA" or "Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff, Ubi O. Okim ("Plaintiff"), who is represented by counsel, has filed a response opposing BANA's motion to dismiss. For the reasons stated below, I recommend that BANA's motion to dismiss [Doc. 4] be granted in its entirety.

### **I.  BACKGROUND**

This case arises out of a mortgage loan ("Loan") that Plaintiff obtained to purchase a single family home on July 11, 2007. On that date, Plaintiff executed a promissory note ("Note") and security deed ("Security Deed") in favor of BANA for the purchase of the real property located at 3539 Bomar Road, Douglasville, Douglas

County, Georgia, 30135 (the "Property"). [Doc. 1-1, Complaint, ¶ 4]. The Security Deed was recorded on July 19, 2007 in Deed Book 2594, Page 642-658, in the Douglas County Superior Court real property records. [Doc. 1-2 at 2, Security Deed].

Plaintiff alleges that BANA was the original lender and also the Loan servicer. [Compl. ¶ 4]. BANA confirms that from the initiation of the Loan through the date the Property was sold at foreclosure on November 1, 2011, BANA remained the lender and grantee under the Security Deed, BANA never transferred or assigned its interest in the subject Security Deed throughout the life of the Loan, and BANA also served as the Loan servicer. [Doc. 4-1 at 7-8].

Plaintiff alleges that in July 2009, he or she fell behind on the payments on the Loan and contacted BANA to arrange for a loan modification.[1] [Compl. ¶ 5]. In response, BANA advised Plaintiff to send certain documents for review and consideration, and Plaintiff sent the requested documents. [Id.].

---

[1] It is not clear from the record whether the plaintiff is male or female. The complaint refers interchangeably to the plaintiff as "she" and "he." The brief filed by the plaintiff's counsel in opposition to BANA's motion to dismiss refers to the plaintiff as "he." Accordingly, unless and until the court is informed otherwise, I will use the personal pronoun "he" throughout this Report and Recommendation to refer to the plaintiff.

2

Almost two years later, on June 6, 2011, BANA contacted Plaintiff and asked for additional documents, which Plaintiff sent to BANA via FedEx on July 5, 2011. [Id. ¶ 6]. On July 22, 2011, BANA informed Plaintiff that his loan modification request had been denied because he had failed to submit the requested documents (even though he had sent the documents that BANA had requested on two occasions). On August 4, 2011, Plaintiff appealed the decision to deny his loan modification application. On August 12, 2011, BANA informed Plaintiff that the loan modification application was still under review and had not been denied as of that date. [Id. ¶ 7]. On August 26, 2011, BANA told Plaintiff that he needed to submit a profit-loss statement for the period January-August 2011. Plaintiff faxed the requested statement to BANA on August 29, 2011. Plaintiff alleges that a few days later, a BANA agent knocked on Plaintiff's door and informed him that his house had been foreclosed on. Plaintiff contacted BANA and was informed that the foreclosure could be rescinded if Plaintiff submitted a proof of funds, which he submitted. [Id. ¶ 10]. BANA states that the Property was not sold at foreclosure until November 1, 2011. [Doc. 4-1 at 7].

On April 4, 2012, Plaintiff filed the instant civil complaint in the Superior Court of Douglas County, Georgia. [Doc. 1-1, Compl.]. The complaint contains five counts and alleges the following claims: Count One (BANA lacked standing to foreclose on

3

the Property); Count Two (BANA wrongfully foreclosed on the Property during a loan modification review); Count Three (BANA violated the Consumer Protection Act and an unidentified Service Participation Agreement in which "the bailed out banks agreed to comply with HAMP guidelines for loan modification"); Count Four (Slander of Credit); and Count Five (Infliction of Emotional Distress). [Id.].

BANA was served with the summons and complaint on April 20, 2012, and removed the case to federal court on May 21, 2012 on the basis of federal question and diversity jurisdiction.

On May 29, 2012, BANA filed the instant motion to dismiss for failure to state a claim. [Doc. 4]. This motion has been briefed and is ripe for the court's consideration.

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Ashcroft v. Iqbal, 556 U.S. 662, 698-99 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (other citation omitted)). In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

4

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 678 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

5

But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

### III. DISCUSSION

Applying these standards, I find that BANA's motion to dismiss should be granted.

### A. Standing

In Count One of Plaintiff's complaint, Plaintiff alleges that "the defendant lacks standing to foreclose" on the Property because it neither owned the note nor the deed to the Property. [Compl. ¶ 12]. Apart from this bald legal conclusion, the complaint contains no factual allegations to support this claim. Moreover, the allegation is in direct conflict with Paragraph 4 of the complaint which asserts that BANA is the Loan originator and also the servicer of Plaintiff's Loan. [Id. ¶ 4].

BANA has attached a copy of the subject Security Deed to its motion to dismiss, which this court is authorized to consider since the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged. See Horsley v.

Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997)("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

The Security Deed indicates that BANA is the lender, and the plaintiff, Okim, is the borrower. [Doc. 1-2]. Plaintiff has not alleged or shown that the Note or Security Deed were ever transferred or assigned to another entity. Plaintiff also concedes that as of July 2009, he was behind in his Loan payments. [Compl. ¶ 5]. Under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." Gordon v. S. Cent. Farm Credit, ACA, 213 Ga. App. 816, 446 S.E.2d 514, 515 (1994).

Here, the plain language of the Security Deed expressly "grant[s] and convey[s] to [Bank of America, N.A.] and to [its] successors and assigns, with power of sale, the

7

[Property]." [Doc. 1-2 at 4]. Thus, as holder of the Security Deed, BANA had authority to initiate foreclosure proceedings on the Property upon Plaintiff's default.

In Plaintiff's brief in opposition to BANA's motion to dismiss, Plaintiff argues that at the time of foreclosure, BANA lacked standing because Plaintiff and BANA were in the process of reviewing the loan with a view to modifying it. Plaintiff, however, has cited no legal authority to support this argument. Plaintiff has also failed to set forth any factual allegations or argument that BANA ever promised or agreed to modify the Plaintiff's Loan. To the contrary, Plaintiff's complaint alleges that BANA declined to agree to any modification. [Compl. ¶ 7].

In sum, Plaintiff has failed to allege or show that any contract modifying Plaintiff's mortgage Loan was ever entered into or existed between the parties. See Adams v. JPMorgan Chase Bank, No. 1:10-CV-04226-RWS, 2011 WL 2532925, at *2 (N.D. Ga. June 24, 2011)(concluding that an agreement to pay a reduced mortgage amount was not adequate consideration to support a contract to modify the mortgage because the plaintiff had an existing legal obligation to comply with the note's terms and "was already legally obligated to pay the money owed under the mortgage").

Plaintiff has also failed to refute or rebut BANA's argument and evidence that it was the secured creditor and servicer of the subject Loan and Security Deed at the

time the Property was foreclosed on. The terms of the subject Security Deed plainly contradict Plaintiff's conclusory allegation that BANA did not hold the "deed to the property in question." [Compl. ¶ 12]. The court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Id. at 1206 (citing Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.")).

Under Iqbal/Twombly, Plaintiff's standing allegations do not state a claim to relief that is plausible on its face. I recommend, therefore, that Plaintiff's standing claim against BANA be dismissed for failure to state a claim.

**B.     Wrongful Foreclosure**

Count Two is a claim for wrongful foreclosure. [Compl. at 4]. To state a viable claim for wrongful foreclosure under Georgia law, a plaintiff must allege a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Heritage Creek Dev. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004). Plaintiff's complaint contains no such allegations. The Eleventh Circuit has held that dismissal of a wrongful foreclosure claim is warranted where the plaintiff has failed to state that any defendant had "violat[ed] ... the [Georgia foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure" under Georgia law. Kennedy v. United States, No. 11-14402, 2012 WL 1758660, at *1 (11th Cir. May 17, 2012) (citing McCarter v. Bankers Trust Co., 247 Ga. App. 129, 543 S.E.2d 755, 758 (2000)). In other words, under Georgia law, a foreclosure is deemed to be wrongful only when it violates the Georgia foreclosure statute. Id.

Nowhere in Plaintiff's complaint does Plaintiff allege what part of the Georgia foreclosure statute was violated by BANA or how it was violated or when. At most, Plaintiff claims that at the time the Property was foreclosed on, Plaintiff was led to believe that the loan modification process was ongoing. [Compl. ¶ 14]. However,

10

Plaintiff has failed to allege or show that after Plaintiff's default on the subject Loan, and before the Property was foreclosed on, that the parties had entered into any binding contract or written agreement to modify the loan and/or cease foreclosure activities on the Property. As stated above, Plaintiff has also failed to identify any specific Georgia foreclosure statute or provision that Plaintiff contends BANA violated.

For the reasons discussed above, Plaintiff has not stated a plausible claim for wrongful foreclosure. Accordingly, I recommend that BANA's motion to dismiss Plaintiff's wrongful foreclosure claim be granted.

**C.      Remaining State Law Claims**

The final three counts of Plaintiff's complaint are also due to be dismissed for failure to state a claim. With regard to Plaintiff's claims that BANA violated the Consumer Protection Act (Count Three) and impaired Plaintiff's credit (Count Four), the complaint does not cite any actual federal or state statute that BANA allegedly violated, and the court has been unable to find a relevant state or federal statute that relates to Plaintiff's claims. Count Three makes a passing reference to BANA's alleged violation of its obligations under the federal Home Affordable Modification Program ("HAMP") guidelines; however, the Eleventh Circuit has held that no implied private

right of action exists under HAMP. See Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1116-17 (11th Cir. 2012).

Moreover, Plaintiff's remaining state law claims are without factual and/or legal support. Plaintiff has failed to plead any of the elements for the stated causes of action. To the extent Plaintiff's allegations can be discerned, they fail to satisfy the rudimentary pleading requirements of Rule 8(a), as clarified in Iqbal/Twombly.[2] Accordingly, I recommend that BANA's motion to dismiss Counts Three through Five of Plaintiff's complaint be granted.

## IV. CONCLUSION

Plaintiff's "threadbare conclusions," "naked assertions," and citations to inapplicable and/or unidentified statutes do not survive the Rule 12(b)(6) standard and are at best speculative. Accordingly, and for all the reasons stated, I **RECOMMEND**

---

[2] In addition, Plaintiff has failed to address BANA's argument that Counts Three through Five fail to state a claim in Plaintiff's response in opposition to BANA's motion to dismiss. In this court, failure to respond to arguments relating to a claim constitutes abandonment of the claim. See Wilkerson, 270 F.3d at 1322 (deeming claim abandoned where argument was not presented in initial response to motion for summary judgment); see also White v. Ga. Dep't of Motor Vehicle Safety, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006). Accordingly, even if the three remaining state law counts stated viable claims (which they do not), the court would be authorized to deem those claims abandoned.

AO 72A
(Rev.8/82)

that Defendant Bank of America N.A.'s Motion to Dismiss [Doc. 4] be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 25th day of October, 2012.

                                        */s/ Gerrilyn G. Brill*
                                      GERRILYN G. BRILL
                                      UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)